## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) NEUROPATHY TREATMENT CLINIC
     OF OKLAHOMA, LLC,
(2) JAMES WARREN LINN, JR.,

       Plaintiffs,

v.

(1) THE MEDICAL PROTECTIVE
     COMPANY,
(2) MEDPRO GROUP,

       Defendants.

Case No. 24-cv-00442-MTS

Tulsa County District Court
Case No. CJ-2024-3091
Judge William D. LaFortune

### NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA:**

Defendant, The Medical Protective Company ("MedPro") a corporation organized under the laws of Indiana, with its principal place of business in Indiana, and pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal, removing the action filed against it by plaintiffs Neuropathy Treatment Clinic of Oklahoma, LLC ("NTCO") and James Warren Linn, Jr. ("Linn"), from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

1.    MedPro removes an action filed against it by plaintiffs in which the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and – notwithstanding fictious allegations in plaintiffs' Amended Petition concerning "MedPro Group" and its citizenship – is between citizens of different states. [Ex. 1,

Amended Petition]. As such, this case is removable pursuant to Title 28 U.S.C. §1332(a) and Title 28 U.S.C. §1441(a).

## **REMOVAL IS TIMELY**

2.      Plaintiffs originally filed their action against MedPro on August 16, 2024, in the District Court of Tulsa County, Oklahoma, asserting breach of contract and insurance bad faith claims against MedPro. MedPro was served via its registered agent on August 20, 2024. [Ex. 2]. The original state court petition is attached pursuant to Title 28 U.S.C. § 1446(a). [Ex. 3].

3.      Accordingly, this Notice of Removal is timely filed pursuant to Title 28 U.S.C. § 1446.

## **FACTS ESTABLISHING FEDERAL DIVERSITY JURISDICTION**

### *A.     The Parties Are Diverse*

4.      Plaintiff NTCO is a limited liability company organized under the laws of the State of Oklahoma. Its members are Jet Training, LLC, and George Kelly. Jet Training, LLC's sole member is plaintiff Linn. Plaintiff Linn resides in Tulsa County, Oklahoma, and George Kelly resides in Tulsa County, Oklahoma, thus NTCO is a citizen of Oklahoma for purposes of Title 28 U.S.C. §1332(a).

5.      Plaintiff Linn resides in Tulsa County, Oklahoma, and is a citizen of Oklahoma for purposes of Title 28 U.S.C. §1332(a).

6.      MedPro is a corporation organized under the laws of Indiana, with its principal place of business in Indiana.

7.      With respect to "MedPro Group," Plaintiffs' amended petition alleges:

Defendant MEDPRO GROUP … is the marketing name used to refer to the partnership of insurance operations of The Medical Protective Company, Princeton Insurance Company, PLICO, Inc., an Oklahoma Domestic For Profit Corporation Insurance company, and MEDPRO RRG Risk Retention Group. ... See Exhibit B. …

2

[Ex. 1].  However, plaintiffs' allegations that "MedPro Group" is a partnership are incorrect, and demonstrably false.  Plaintiffs cite as evidentiary support for their allegation that "MedPro Group" is a partnership Exhibit B, correspondence dated August 10, 2021, which states in postscript:

> MedPro Group is the marketing name used to refer to the insurance operations of The Medical Protective Company, Princeton Insurance Company, PLICO, Inc. and MedPro RRG Risk Retention Group. All insurance products are administered by MedPro Group and underwritten by these and other Berkshire Hathaway affiliates, including National Fire & Marine Insurance Company.  Product availability is based upon business and regulatory approval and may differ among companies. Visit medpro.com/affiliates for more information.

[Ex. 1].  Nowhere in the exhibit does the correspondence assert that MedPro is a partnership.  At most, the exhibit reflects that "MedPro Group," as that term is used in the correspondence, is a "marketing name" – a trade name.

8.      Rule 17(b), FRCP, provides:

(b)  Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:

> (1)  for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2)  for a corporation, by the law under which it was organized; and
>
> (3)  **for all other parties, by the law of the state where the court is located**, except that:
>
>> (A)  a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>>
>> (B)  28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Rule 17(b), FRCP (emphasis added).  Thus, Oklahoma law governs an entity's capacity to be sued in court, irrespective of whether the court is a federal court or state court.

9.      "Under Oklahoma law, a trade name is not a separate legal entity and 'does not offer plaintiff an additional party from which to obtain relief.'"  *Jordan v. Grace Living Centers*, No. CIV-

19-654-G, 2020 WL 130147, *2 (W.D. Okla. Jan. 9, 2020) (*quoting Lewis v. Am. Gen. Assurance Co.*, no. CIV-00-1520-W, 2001 WL 3616929 (W.D. Okla. Feb. 26, 2001)), *see also Thomas v. Colvin*, 1979 OK CIV APP 2, 592 P.2d 982, 983; Title 12 O.S. § 2017(B).

10.     Therefore, to the extent that plaintiffs have sued "MedPro Group" as a marketing name or trade name, such is not a legal entity which can be sued in the State of Oklahoma, and cannot be a party to this lawsuit.

11.     To the extent that plaintiffs have alleged "MedPro Group" is a partnership, such allegations are incorrect, and are not supported by the "Exhibit B" attached to plaintiffs' state court petition. "MedPro Group" is not a partnership.

12.     In reality, the only "MedPro Group" in existence which is a legal entity that can be sued is MedPro Group, Inc., a corporation organized under the laws of the State of Indiana, with its principal place of business in the State of Indiana.  [Ex. 4, Secretary of State records re: "MedPro Group"].

13.     MedPro Group, Inc. is a separate corporation, and is the parent company of separate corporations The Medical Protective Company [herein referred to "MedPro"], Princeton Insurance Company, PLICO, Inc. and MedPro RRG Risk Retention Group.  [Ex. 5, Affidavit of Angela Adams].

14.     Plaintiffs have attempted to defeat diversity jurisdiction by alleging that "MedPro Group" is an unincorporated partnership, of which PLICO, Inc., an Oklahoma corporation, is a "partner."

15.     However, as demonstrated, the only "MedPro Group" that is an extant legal entity is MedPro Group, Inc., a corporation domiciled in Indiana.  [Ex5, Affidavit of Angela Adams]. [Ex. 4, Indiana Secretary of State records].

4

16.     Thus, plaintiffs' allegation that "MedPro Group" is a partnership, of which PLICO, Inc. is a member, is fictious and can be disregarded by the court for purposes of determining whether there is complete diversity of the real parties in interest. *See Bernblum v. Travelers' Ins. Co.*, 9 F.Supp. 34, 35 (W.D. Mo. 1934) ("The federal courts … will … strike out the fiction injected into a case by a party to prevent removal and … then determine[,] whether in the true state of facts[,] there is complete diversity of citizenship.")

17.     Accordingly, whether plaintiffs have improperly sued "MedPro Group" as a marketing name or tradename, whether plaintiffs have attempted to sue MedPro Group, Inc., an Indiana corporation, or whether plaintiffs have fictitiously sued "MedPro Group" as a partnership with an Oklahoma partner, there is complete diversity of citizenship amongst the real parties in interest, in that neither NTCO nor Linn are citizens of the same state as the properly named defendant, MedPro.

**B.     *The Amount in Controversy Exceeds $75,000.00***

18.     Plaintiffs seek a judgment in excess of $100,000.00.  Accordingly, the amount in controversy exceeds $75,000.00.

**C.     *Removal Is Proper***

19.     Thus, this case is removable pursuant to Title 28 U.S.C. §1332(a) and Title 28 U.S.C. §1441(a), and removal of this case to the U.S. District Court for the Northern District of Oklahoma is proper.

<u>**COMPLIANCE WITH LCVR 81.2 AND TITLE 28 U.S.C. § 1446(D)**</u>

20.     Pursuant to LCvR 81.2, a clearly legible copy of all documents filed or served in this action, as well as the docket sheets for the District Court of Tulsa County, Oklahoma, are attached. [Exs. 1-8].

21.     Pursuant to Title 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the District Court for Tulsa County, Oklahoma.

### PLAINTIFFS HAVE IMPROPERLY SERVED PLICO, INC., A NON-PARTY

**A.     *Summons May Only Be Directed to a Defendant***

22.     As a further matter, on two separate occasions, plaintiffs improperly served their original state court petition upon PLICO, Inc., as if it were a named defendant in this lawsuit, in violation of both Federal and Oklahoma law concerning summons.

23.     Both Federal and Oklahoma law requires that a summons be directed to a named defendant.

24.     Rule 4, FRCP, provides:

(1) *Contents.*  A summons must:
    (A)  name the court and the parties;
    (B)  be directed to the defendant;
            * * *
    (E)  notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint[.] …

Rule 4, FRCP.  *See also Coe v. United States Dist. Court for the Dist. Of Colo.*, 676 F.2d 411, 414 (10th Cir. 1982).

25.     Similarly, Title 12 O.S. § 2004 provides:

B.  SUMMONS:  FORM.

> 1.  The summons shall … contain the name of the court and the names of the parties, be directed to the defendant, … and shall notify the defendant that in case of failure to appear, judgment by default will be rendered against the defendant for the relief demanded in the petition.

Title 12 O.S. § 2004.

**B.     *PLICO, Inc. Is Not a Defendant***

26.     PLICO, Inc. is not named as a defendant in plaintiffs' original state court petition. There are no substantive allegations against PLICO, Inc. other than the fictitious jurisdictional

6

allegations that PLICO, Inc. is a partner in a partnership called "MedPro Group."

27.    Yet, the two summons at issue which were served by plaintiffs are directed to non-party, PLICO, Inc. an entity which is not a defendant. [Exs. 7 and 8, Summonses].

**C.    Service of Process upon PLICO, Inc. Is Improper**

28.    Service of process upon a non-party, which is not named as a defendant in the caption of the pleading, is improper, and warrants dismissal of the pleading as against the non-party, and quashing of service of process upon the non-party. *See Allison v. Utah County Corp.*, 223 F.R.D. 638, 639 (D. Utah 2004). The parties to a lawsuit <u>must</u> be named in plaintiffs' pleading. Rule 10(a), FRCP. *See also Coe*, 676 F.2d at 414.

29.    Thus, the purported service of plaintiffs' original state court petition upon PLICO, Inc. should be quashed, and plaintiffs' original state court petition should be dismissed as to PLICO, Inc. *See Allison v. Utah County Corp.*

<u>**CONCLUSION AND PRAYER FOR RELIEF**</u>

WHEREFORE, the defendant, The Medical Protective Company, hereby removes the action of Neuropathy Treatment Clinic of Oklahoma, LLC and James Warren Linn, Jr. from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, and also hereby requests that this court quash the improper service of the original state court petition upon non-party PLICO, Inc., dismiss plaintiffs' original state court petition against non-party PLICO, Inc., and award any and all other relief the court deems just and equitable.

Respectfully submitted,

**SECREST HILL BUTLER & SECREST**

*s/Nathaniel T. Smith*
ROGER N. BUTLER, JR., OBA #13668
NATHANIEL T. SMITH, OBA #31229
7134 South Yale Ave., Suite 900
Tulsa, OK 74136-6360
(918) 494-5905 Telephone
(918) 494-2847 Facsimile
rbutler@secresthill.com
nsmith@secresthilll.com
**ATTORNEYS FOR DEFENDANT**
**THE MEDICAL PROTECTIVE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joe C. White, Jr.                                  joe@whiteandweddle.com
Charles C. Weddle III                        charles@whiteandweddle.com
Kate C. White                                     kate@whiteandweddle.com
Nick W. Porter                                   nick@whiteandweddle.com
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, OK 73105
*Attorneys for Plaintiff*
*James Warren Linn, Jr.*

*and*

Andrew S. Hartman                          andrew@andrewshartman.com
Hartman Law Office
P.O. Box 700600
Tulsa, OK 74170-600
*Attorney for Plaintiff Neuropathy*
*Treatment Clinic of Oklahoma, LLC*

*s/Nathaniel T. Smith*

9