## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

NEUROPATHY TREATMENT CLINIC )
OF OKLAHOMA, LLC, an Oklahoma )
Limited Liability Company, and )
JAMES   WARREN   LINN,   JR.,   an )
individual   resident   of   the   State   of )
Oklahoma, )
)
Plaintiffs, )
)
v. )
)
THE      MEDICAL      PROTECTIVE )
COMPANY, an Indiana corporation and )
MEDPRO GROUP, a partnership with an )
Oklahoma partner )
)
Defendants. )

FILED
DISTRICT COURT
TULSA COUNTY, OKLAHOMA
September 6, 2024 3:48 PM
DON NEWBERRY, COURT CLERK
Case Number CJ-2024-3091

**Case No. CJ-2024-3091**
**Judge William D. LaFortune**

## AMENDED PETITION

COME NOW the Plaintiffs jointly, Neuropathy Treatment Clinic Of Oklahoma, LLC, an

Oklahoma Limited Liability Company, JAMES WARREN LINN, JR., an individual resident of

the State of Oklahoma, and for their claims against the Defendants THE MEDICAL

PROTECTIVE COMPANY, an Indiana corporation and MEDPRO GROUP, a partnership with

an Oklahoma partner, allege and state as follows:

1.      Plaintiff Neuropathy Treatment Clinic of Oklahoma, LLC (hereinafter "Plaintiff

NTCO") is an Oklahoma limited liability company.

2.      Plaintiff James Warren Linn (hereafter "Plaintiff Linn"), is an individual, residing

in Tulsa County, Oklahoma.

3.      Defendant The Medical Protective Company (hereafter "Defendant MEDPRO"), is

an Indiana corporation with headquarters in Fort Wayne, Indiana.  Defendant MEDPRO  is the

issuing company of certain triggered insurance policies sold to Plaintiff Neuropathy Treatment



Clinic of Oklahoma, LLC (hereinafter "Plaintiff NTCO"). Plaintiff Linn is an insured under the policies referenced herein. *See* Affidavit of James Warren Linn, Jr., attached as Exhibit A.

4.    Defendant MEDPRO GROUP (hereafter "Defendant MEDPRO GROUP") is the marketing name used to refer to the partnership of insurance operations of The Medical Protective Company, Princeton Insurance Company, PLICO, Inc., an Oklahoma Domestic For Profit Corporation Insurance company, and MEDPRO RRG Risk Retention Group. Defendant MEDPRO GROUP administers all insurance policies issued by its members. See Exhibit B. As such, Defendant MEDPRO GROUP is a resident of Oklahoma because one of its partners is an Oklahoma corporation. Defendant MEDPRO and Defendant MEDPRO GROUP are sometimes hereafter collectively referred to as "Defendant MEDPRO".

5.    Historically, (i) the independent and authorized insurance representative and agent who issued Plaintiff NTCO insurance coverage from and after August of 2017, and (ii) the President and CEO of Defendant MEDPRO GROUP, have continually promoted Defendant MEDPRO, in Oklahoma as carriers of choice, and have represented that Defendant MEDPRO is part of the "MEDPRO GROUP" and that the members of the Group work in concert to provide complete coverage together for matters covered by the policies sold by Defendant MEDPRO to all insureds (including Plaintiff Linn). See Exhibit B.

6.    The insurance policies sold by Defendant MEDPRO to Plaintiff NTCO were sold in Tulsa, Oklahoma from August of 2020 to the present and delivered to Plaintiff NTCO in Oklahoma by Defendant's authorized representatives Rich & Cartmill, Inc. in Tulsa, Oklahoma, and as such, the Policies are governed by Oklahoma law.

7.    For the reasons articulated above, this Court has jurisdiction over the parties and the subject matter of this action. The insurance policies that are the subject of this claim contain a

2

provision providing an election on the part of Defendant MEDPRO to compel arbitration. Those provisions are not enforceable in Oklahoma and cannot deprive this Court of subject matter jurisdiction. If the agreement in controversy is "specifically directed toward the business of insurance", then under the McCarran-Ferguson Act, 12 Okla. Stat. §1855(D) applies and the Oklahoma Uniform Arbitration Act pre-empts the Federal Arbitration Act, thereby denying arbitration in those cases where the agreement in controversy "references insurance". The McCarran-Ferguson Act controls those occasions upon which the Oklahoma Uniform Arbitration Act preempts the Federal Arbitration Act and/or the private agreement between the parties. In summary:

a) The McCarran-Ferguson Act was enacted to ensure the continuing primacy of the states in regulating the "business of insurance";

b) In effect, the McCarran-Ferguson Act creates a reverse preemption in favor of state law when regulating the "business of insurance";

c) In those cases where the court is analyzing a private agreement between the parties, to fall within the ambit of the McCarran-Ferguson Act, the agreement must be specifically directed toward the "business of insurance", not just the "business of insurance companies";

d) In those cases where the court is analyzing an arrangement between an insurer and an insured, Oklahoma statutes can render an agreement to arbitrate unenforceable where the agreement (1) effects the transfer or distribution of risk between insurer and insured, (2) is related to an integral part of the insurer-insured relationship, or (3) is an arrangement unique to entities within the insurance industry.

Here, the obligations of Defendant MEDPRO to reimburse Plaintiff NTCO for defense costs incurred under Coverage H of the Policies clearly relate to the business of insurance, and as such, the Oklahoma statute rendering arbitration provisions unenforceable in the context of interpretation of insurance policies clearly preempt the provisions of the insuring agreement (and therefore exonerates and holds for naught any election on the part of Defendant MEDPRO to compel arbitration.). The conduct of the Defendants and the tortious breach of their contractual and common law obligations in connection with the insurance policies that are the subject of this

3

litigation are similarly immune to any action or attempt on the part of Defendants herein to compel arbitration of the disputes related thereto.

8. For the reasons articulated above, venue is proper in Tulsa County.

9. Defendant MEDPRO issued Policy Number H004011 (the "Policy") to Plaintiff NTCO on or about August 8, 2021, for the policy period August 8, 2021, to August 8, 2022. Said policy was renewed on or about August 8, 2022, for the period August 8, 2022, to August 8, 2023 (the Policy and the renewal are hereafter referred to as the "Polices".) The Policies define "Insured" to include:

a) The first named insured (here, Plaintiff NTCO per the face of the Policies); and

b) Any administrator, superintendent, director, or officer of the first named insured (which here would include Plaintiff James Warren Linn, Jr. in light of his capacity as a manager of Plaintiff NTCO – see definition of "insured" at Form 0010-PXX-00-1215 (1)(P) at page 3 of 19); and

c) The Policies all (i) reflect a "Retroactive Date" for Cyber Liability and Breach Response Coverage of 08/08/2017, (ii) reflect no retention for Coverage H – Regulatory Proceeding, (iii) provide that the insurer has an obligation to reimburse an insured for covered claims expenses, shadow audit expenses, and/or regulatory fines and penalties associated with a "regulatory proceeding", (iv) define a "regulatory proceeding" to include a "billing errors proceeding", and define a "billing errors proceeding" to include civil or administrative investigations and proceeding by a "government entity or commercial payer".

10. From and after September 2022, Plaintiff NTCO and Plaintiff Linn have suffered civil claims and demands and administrative investigations and proceedings associated with

4

billings by Plaintiff NTCO for health services rendered by Plaintiff NTCO and the company's medical providers to individuals insured by governmental payers and private insurance payers going back to 2017 and Plaintiff NTCO and Plaintiff Linn have incurred, and continue to incur legal fees in the defense of those proceedings in excess of One Hundred Thousand Dollars which have not been reimbursed by Defendant MEDPRO. Claims for those payments have been tendered to Defendant MEDPRO and Defendant MEDPRO has refused to pay, alleging that it or its representatives are "investigating matters". Defendant MEDPRO has notified Plaintiff NTCO and Plaintiff Linn that the coverage obligations were assigned to others, and Defendant MEDPRO has ignored Plaintiff NTCO and Plaintiff Linn's requests for payment. Plaintiff NTCO and Plaintiff Linn contend that there is an immediate obligation on the part of Defendant MEDPRO to reimburse defense costs incurred on an "as incurred" basis, and that the delay currently being imposed by Defendant MEDPRO is untenable and an abuse of the legitimate policy rights of Plaintiff NTCO and Plaintiff Linn. While Policy Form 0010-PXX-00-1215 provides at page 13 of 19 that no action shall lie against the company until the amount of the "**loss**" has been finally determined by entry of a judgment or written agreement between the insured, the claimant, and the company, no such provision applies to "**claim expenses**." The Policies define "**loss**" as "…civil damages…which an insured becomes legally obligated to pay through adjudication or settlement…" and does not include "**claims expense**." See Policy Form 0010-PXX-00-1215 at page 5 of 19. "**Claims expense**" is defined by the Policies at pages 1&2 of 19 of Policy Form 0010-PXX-00-1215 to include "…attorneys' fees paid to the law firm selected to defend an insured…" As such, Defendant MEDPRO has no right to continue to delay in satisfying its reimbursement obligations to Plaintiff NTCO and Plaintiff Linn.

11.    The breaches of contract and the tortious and egregious conduct of Defendant

5

MEDPRO and Defendant MEDPRO GROUP have inflicted economic damage and in the case of Plaintiff Linn, severe emotional damage in addition to economic damage.

### Count One – Declaratory Judgment
### Relating to the Policies

12.     Plaintiff NTCO and Plaintiff Linn incorporate by reference the allegations of paragraphs 1 – 11 above.

13.     An actual controversy of a justiciable nature exists between Plaintiff NTCO and Plaintiff Linn on the one hand and Defendant MEDPRO and Defendant MEDPRO GROUP on the other hand under the Policies inasmuch as Plaintiff NTCO and Plaintiff Linn have incurred and will continue to incur claim expenses and other liabilities for which Defendant MEDPRO and Defendant MEDPRO GROUP are liable under their obligations of indemnity to Plaintiff NTCO and Plaintiff Linn under the Policies.

14.     Plaintiff NTCO and Plaintiff Linn seek a judicial determination regarding the scope of coverage and the obligations of Defendant MEDPRO and Defendant MEDPRO GROUP under the Policies.

### Count Two – Injunctive Relief
### Request For Order Compelling the Defendant MEDPRO to Timely
### Reimburse All Monies Which Are Reimbursable Under the Policy

15.     Plaintiff NTCO and Plaintiff Linn re-allege and incorporate the allegations set forth above in Paragraphs 1 - 14 as if fully set forth herein.

16.     Plaintiff NTCO and Plaintiff Linn are entitled to permanent injunctive relief against Defendant MEDPRO and Defendant MEDPRO GROUP under the Policies, requiring said Defendants to timely reimburse all monies required under the Policies to Plaintiff NTCO and Plaintiff Linn.

17.     Plaintiff NTCO and Plaintiff Linn allege and state that (i) they have been and will

be irreparably harmed and injured; (ii) it will be difficult to ascertain damages; and (iii) the failure and refusal of Defendant MEDPRO and Defendant MEDPRO GROUP to indemnify Plaintiff NTCO and Plaintiff Linn pursuant to the terms of the Policies will largely render the findings and determinations of this Court ineffectual if the indemnity funds owed by Defendant MEDPRO under the Policies are not timely paid by Defendant MEDPRO. Plaintiff NTCO and Plaintiff Linn allege that the facts, as alleged above, substantiate that the preconditions and requirements of 12 Okla. Stat. §1381, et seq. are met herein.

### Count Three – Breach of Contract

18.    Plaintiff NTCO and Plaintiff Linn incorporate by reference the allegations of paragraphs 1 – 17, above.

19.    A breach of contract has occurred because Defendant MEDPRO has failed and refused to honor its contractual obligations owed to Plaintiff NTCO and Plaintiff Linn under the Policies inasmuch as Plaintiff NTCO and Plaintiff Linn have incurred and will continue to incur claim expenses for which Defendant MEDPRO is liable for an obligation of indemnity under the Policies.

20.    Plaintiff NTCO and Plaintiff Linn seek a judicial determination that Defendant MEDPRO owes Plaintiff NTCO and Plaintiff Linn over One Hundred Thousand Dollars ($100,000.00) under the Policies.

### Count Four – Bad Faith Breach of Contract

21.    Plaintiff NTCO and Plaintiff Linn incorporate by reference the allegations of paragraphs 1 – 20, above.

22.    A bad faith breach of contract has occurred because Defendant MEDPRO has failed and refused to honor its contractual insurance obligations owed to Plaintiff NTCO and

Plaintiff Linn maliciously, willfully and wantonly, in spite of repeated demands by representatives of Plaintiff NTCO and Plaintiff Linn to Defendant MEDPRO and its representatives. In addition, Defendant MEDPRO has failed and refused to respond to calls to action. Defendant's failure and refusal to honor its contractual obligations owed to Plaintiff NTCO and Plaintiff Linn under the Policies constitute tortious, bad faith conduct for which Defendant MEDPRO is liable to Plaintiff NTCO and Plaintiff Linn in actual and punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

WHEREFORE, premises considered, Plaintiff NTCO and Plaintiff Linn pray for:

1) Declaratory Judgment as more specifically requested above;

2) Injunctive relief as more specifically requested above;

3) Judgment at law against Defendant The Medical Protective Company and Defendant MEDPRO GROUP jointly and severally for actual damages in tort and in contract for amounts exceeding One Hundred Thousand Dollars ($100,000.00) and for punitive damages on Plaintiff NTCO's and Plaintiff Linn's claims for tortious breach (bad faith) of an insurance contract;

4) Attorney fees and costs; and,

5) Such other and further relief as appropriate, and that this Court enter judgment as set forth above.

Respectfully submitted,

JOE E. WHITE, JR.,          OBA #12930
CHARLES C. WEDDLE III       OBA #18869
KATE C. WHITE,              OBA #30930
NICK W. PORTER,             OBA #34176
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
Telephone:  405-858-8899
Fax:  405-858-8844
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
nick@whiteandweddle.com
**ATTORNEYS FOR PLAINTIFF LINN**


And


Andrew S. Hartman, OBA #03948
Hartman Law Office
P.O. Box 700600
Tulsa, OK 74170-0600
Telephone (918) 712-3246
Fax (918) 712-5042
andrew@andrewshartman.com
**ATTORNEY FOR NEUROPATHY
TREATMENT CLINIC OF OKLAHOMA, LLC**

9

**EXHIBIT A**
**TO PLAINTIFF NTCO, LLC'S**
**PETITION AGAINST**
**THE MEDICAL PROTECTIVE COMPANY**
**AFFIDAVIT OF JAMES WARREN LINN, JR.**


STATE OF OKLAHOMA    )
                      ) ss.
COUNTY OF TULSA      )


I, James Warren Linn, Jr., having been duly sworn, do hereby swear, affirm and state:

1.  I am the manager of Plaintiff, NTCO, an Oklahoma limited liability company; and

2.  Plaintiff, NTCO has incurred and paid legal fees in excess of One Hundred Thousand Dollars ($100,000.00) which have not been reimbursed by The Medical Protective Company. Those legal fees have been paid in defense of matters which I believe to be covered matters under Policy Number H004011 issued to Plaintiff NTCO by Defendant MEDPRO, all as referenced in the Petition to which this Affidavit is affixed; and

3.  Defendant MEDPRO has refused to acknowledge its reimbursement obligations. I believe Plaintiff NTCO is entitled to be reimbursed under the Policies referenced in the Petition.

4.  Plaintiff NTCO (i) has been and will be irreparably harmed and injured if these fees are not immediately reimbursed; (ii) it will be difficult to ascertain damages because funds which would normally be used to fund clinic operations are not available due to the cash constraints imposed by Defendant's refusal to honor its obligations to its insured (Plaintiff NTCO); and (iii) the failure and refusal of Defendant MEDPRO to indemnify Plaintiff NTCO pursuant to the terms of the

9

Policies will largely render the findings and determinations of this Court ineffectual if the indemnity funds owed by Defendant MEDPRO under the Policies are not timely paid because Plaintiff NTCO is being denied working capital to fund clinic operations.

FURTHER AFFIANT SAYETH NOT.

FILED
DISTRICT COURT
TULSA COUNTY, OKLAHOMA
September 6, 2024 3:48 PM
W BERRY, COURT CLERK
Case Number CJ-2024-3091

_____

James Warren Linn, Jr.

SUBSCRIBED AND SWORN to before me this 16th day of August, 2024

_____

Ida Hamilton, Notary Public

My Commission Expires:  June 7, 2027

My Commission Number:  11005165

IDA HAMILTON
NOTARY PUBLIC
TULSA COUNTY
STATE OF OKLAHOMA
COMMISSION NO. 11005165
EXPIRES 06-07-2027

10



Medical Protective
Princeton Insurance Company
PLICO
MedPro RRG

08/10/2021

Neuropathy Treatment Clinic of Oklahoma
4636 S Harvard Ave, Suite 102
Tulsa, OK 74135-2908

**Re:** **Policy Number** H004011
**Policy Effective Date** 08/08/2021 to 08/08/2022

Thank you for trusting us to defend and protect your reputation and assets. Enclosed please find a copy of your policy issued by The Medical Protective Company.

In the event you have questions about the claims process, please call us at 800-4MEDPRO (800-463-3776) to speak with a claims representative who will be able to answer your questions and discuss solutions for claim-related issues. Additionally, if you need to report a claim as required by the reporting requirements of this policy, please send your notice of claims as follows:

Via Email:      reportaclaim@medpro.com

Via Mail:       MedPro Group
                Attn: First Claim Reports
                5814 Reed Road
                Fort Wayne, IN 46835

I also encourage you to visit www.medpro.com to access our Prevention & Education Center for up-to-date risk information and recommended strategies to help promote patient safety and satisfaction.

In closing, thank you for joining more than 200,000 clients who entrust MedPro Group to provide the peace of mind, expertise and choice they expect from their healthcare liability insurer.

Sincerely,

Tim Kenesey
President and CEO

MedPro Group is the marketing name used to refer to the insurance operations of The Medical Protective Company, Princeton Insurance Company, PLICO, Inc. and MedPro RRG Risk Retention Group. All insurance products are administered by MedPro Group and underwritten by these and other Berkshire Hathaway affiliates, including National Fire & Marine Insurance Company. Product availability is based upon business and regulatory approval and may differ among companies. Visit medpro.com/affiliates for more information.

PLCYCVLTR-00-1215

**EXHIBIT B**